FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 0 6 2016

MATTHEW J. DYKMAN
CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Richard Jaramillio,
Plaintiff

v

Benjamin E. Thomas, Attorney
Defendant

Case No.

16cv780 SCY-KBM

## SHAREHOLDER DERIVATIVE COMPLAINT FOR ABUSE OF PROCESS

COME NOW the Plaintiff, Richard Jaramillo, representing himself pro se in his capacity as a private U.S. Citizen and filing this Complaint as a shareholder derivative action, pray that this Court find the Defendant, attorney Benjamin E. Thomas, liable for Abuse of Process, and award the Plaintiff the requisite damages resulting therefrom.

STATEMENT OF FACTS

Plaintiff Rick Jaramillo, acting here as a private U.S. citizen, is an equity partner in the The Railyard Company, LLC, of Santa Fe, New Mexico, which filed a Chapter 11 Bankruptcy petition on September 4, 2015. Within the month, on September 29, 2015, Thorofare Asset Based Lending Fund III, L.P., holder of the Note, Mortgage, and other loan documents on the subject property, filed a Motion to Appoint a Chapter 11 Trustee in the Railyard Company bankruptcy case. Thorofare was represented in that pleading by counsel Benjamin E.

Thomas (Defendant).

On March 30, 2016, The U.S. Bankruptcy Court for the District of New Mexico issued a Memorandum Opinion finding that cause existed to appoint a Chapter 11 trustee under 11 U.S.C. Sec. 1104(a)(1). (Case No. 15-12386-j11). That Memorandum Opinion relied, in large part, on the statutory and case law interpretation and presentation of facts contained in the September 29, 2015 Thorofare Motion to Appoint a Chapter 11 trustee prepared by Thorofare's counsel, the Defendant. Subsequently, the Plaintiff, in his capacity as an equity partner in the Railyard Company, LLC along with his partners in that business, filed an Objection for Application of Approval to the Appointment of Mr. Chris Pierce as Chapter 11 trustee in that case on April 16, 2016, citing a conflict of interest on the part of the Mr. Pierce in his representation of one of the creditors in that ongoing case.

In addition, the Plaintiff subsequently discovered that trustee-designate Mr. Pierce was attempting to sell the Railyard Company property based on Mr. Pierce's own unqualified appraisal of the property's market value. Furthermore, Plaintiff *discovered ex parte conversations between the Defendant and the Chapter 11 trustee-designate Mr. Pierce (prior to the Bankruptcy Court's recognition of his appointment) in which the Defendant attempted to persuade the trustee-designate Mr. Pierce to foreclose on the Plaintiff's Railyard property without any independent, professional appraisal of the property's current market value.* (emphasis added.) Further investigation by the Plaintiff and his Railyard

business partners discovered that *Thorofare is not registered to do business in the State of New Mexico (*emphasis added) under Sec. 58-21-3 NMSA 1978 or any other state statute regulating business licensing. On June 18, 2015 seven month's after the loan agreement was signed and closed Thorofare through its attorney Benjamin E. Thomas called the note defaults and demanded full payment of the loan. On June 29, 2015 eleven days after the demand and default letter was issued by Mr. Benjamin E. Thomas for full payment of the loan Mr. Thomas as agent for Thorofare registered Thorofare as a foreign company after the fact (seven month's after the loan was in place and eleven days after demand / default letter was issued to Plaintiff and Plaintiffs company) with the Seceretary of State of New Mexico. Yet Thorofare's attorney, the Defendant, deliberately and continuously misrepresented Thorofare throughout the Railyard Bankruptcy case, *without disclosing to that Court that Thorofare lacked any New Mexico business license* (emphasis added) and willfully, and in some cases maliciously, continued to repeatedly prejudice that Court against the Plaintiff and his Railyard business partners. On more than one occasion, the *Defendant has refused, delayed and/or objected to the Plaintiff's use of the cash collateral necessary to the continued operation of the Plaintiff's business. (emphasis added.)* Such action by the Defendant has done substantial harm to the Plaintiff's professional reputation. As such, the Plaintiff appears here in his capacity as a private U.S. citizen and respectfully submits to this Court this Complaint, as a Derivative action, for Abuse of Process against the Defendant.

THE LAW

"For abuse of process to occur there must be use of the process for an immediate purpose other than that for which it was designed and intended. The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or take some other action to refrain from it." (Restatement of Torts 2nd 682.)

In *DeVaney v. Thriftway Mktg Corp.,* 124 N.M. 522 (N.M. 1997), the New Mexico Supreme Court defined the tort of malicious abuse of process," as consisting of the following elements: (1) the initiation of judicial proceedings against the plaintiff by the defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages.

Further, the Court in *DeVaney* found that in order to satisfy the misuse of process requirement, there must be an overt act that is irregular or improper in the normal course of proceedings and that there are two independent means of demonstrating a misuse of process. One means is that the filing of a complaint without probable cause is a form of misuse of process where the plaintiff shows the defendant filed an action against that plaintiff without probable cause. The Court defined probable cause as the reasonable belief, founded on known facts

established after a reasonable pre-filing investigation, Business Guides, Inc. v. Chromatic Communications Enter., 498 U.S. 533, 549-51, 111 S.Ct. 922, 932-33, 112 L.Ed.2d 1140 (1991) (discussing the investigative standard under Fed.R.Civ.P. 11),2 that a claim can be established to the satisfaction of a court or jury. Restatement (Second) of Torts § 675; see also Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., 508 U.S. 49, 62-63, 113 S.Ct. 1920, 1929, 123 L.Ed.2d 611 (1993). The lack of probable cause must be manifest. See Prosser & Keeton, supra, § 120, at 893 (stating that "want of probable cause must be 'very clearly proven' or 'very palpable'.)

The second general method of demonstrating a misuse of process, according to *DeVaney*, is through some irregularity or impropriety suggesting extortion, delay, or harassment. Under this method, the act might be a procedural irregularity, Simon, 71 F.3d at 15 ("Typical abuse of process cases involve misuse of such procedures as discovery, subpoenas, and attachment.") Richardson, 109 N.M. at 502-503, 787 P.2d at 421-22, or might be an act that otherwise indicates the wrongful use of proceedings, such as an extortion attempt, Restatement (Second) of Torts § 682 cmt. b ("The usual case of abuse of process is one of some form of extortion, **using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it.").** (emphasis added.) See Farmers Gin Co., 73 N.M. at 407-08, 389 P.2d at 11 (listing as forms of abuse of process "excessive execution on a judgment; attachment on property other than that involved in the litigation or in

an excessive amount; oppressive conduct in connection with the arrest of a person or the seizure of property, such as illegal detention and conversion of personal property pending suit; extortion of excessive sums of money").

Finally, the Court in *DeVaney* concluded that a plaintiff must demonstrate that the defendant acted with malice. In order to constitute malice, the purpose must be repugnant to the remedy provided by law, a perversion of the legal system such as extortion, delay, or harassment.

In *Durham v. Guest,* 204 P.3d 19,145 N.M. 694, 2009-NMSC-007, the New Mexico Supreme Court overruled DeVaney with respect to its holding that all malicious abuse of process claims require the defendant to have initiated a judicial proceeding against the plaintiff.  "We leave in place the combined tort of malicious abuse of process, but restate its elements as follows: (1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages."  An improper use of process may be shown by (1) filing a complaint without probable cause, or (2) "an irregularity or impropriety suggesting extortion, delay, or harassment[,]" or other conduct formerly actionable under the tort of abuse of process. Fleetwood Retail Corp. of N.M., 2007-NMSC-047, ¶12, 142 N.M. 150, 164 P.3d 31. A use of process is deemed to be irregular or improper if it (1) involves a procedural irregularity or a misuse of procedural devices such as discovery,

subpoenas, and attachments, or (2) indicates the wrongful use of proceedings, such as an extortion attempt. *DeVaney,* 1998-NMSC-001, ¶28, 124 N.M. 512, 953 P.2d 277 (listing examples of abuse of process). Finally, we emphasize that the tort of malicious abuse of process should be construed narrowly in order to protect the right of access to the courts." (*Durham* at 29.)

Other state courts have clarified the abuse of process tort as well. The common law tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed. (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 459, p. 547; see also *Kappel v. Bartlett* (1988) 200 Cal.App.3d 1457, 1463, 246 Cal.Rptr. 815.) It has been "interpreted broadly to encompass the entire range of `procedures' incident to litigation." (*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 104, 101 Cal.Rptr. 745, 496 P.2d 817, fn. 4 (*Barquis*).) "[T]he essence of the tort [is] . . . misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice." (*Meadows v. Bakersfield S. & L. Assn.* (1967) 250 Cal. App.2d 749, 753, 59 Cal.Rptr. 34.) To succeed in an action for abuse of process, a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings. (*Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.* (1986) 42 Cal.3d 1157, 1168, 232 Cal.Rptr. 567, 728 P.2d 1202 (*Oren Royal Oaks Venture*).)

In *Bixler v. Foster* (596 F.3d. 751) the 10th Circuit Court of Appeals ruled that an exception to the shareholder standing rule allows a shareholder with a direct personal interest in a cause of action to bring suit even if the corporation's rights are also implicated.

A Federal District Court in New Mexico decided that a necessary condition precedent to a corporate derivative action is that the demand be made on the board or that an adequate explanation of futility of such a demand be provided. (*Hill v. Vanderbilt Capital Advisors,* LLC, 834 F. Supp, 2d 1228, appeal dismissed 702 F.3d 1220.)

The Rule 23.1 of The Federal Rules of Civil Procedure require that a derivative action (to enforce a right) may not be maintained if it appears that the plaintiff does not fairly or adequately represent the interests of the shareholders or members, who are similarly situated in enforcing the right of the corporation or association.

*Collier on Bankruptcy* states that a derivative action is one in which the corporation could, but has failed to, properly assert. (*Collier* 7023.1.02 and 1.03)

In New Mexico, under the 'contemporaneous ownership doctrine' a shareholder who files a derivative action engaged in by a corporation must have been a shareholder at the time of the transaction in question. (*Bank of Santa Fe v. Petty*, 867 P.2d 431, 116 N.M. 761, cert denied 868 P.2d 655, 117 N.M. 10, Rule

54-2-58 NMSA.)

A similar result was reached by the New Mexico Court of Appeals in *Rael v. Page* (222 P.3d 678, 147 N.M. 306, 2009-NMCA-123, cert. denied 224 P.3d 649, 147 N.M. 422) when that court ruled a derivative action is an action brought by one or more shareholders to enforce a right of action belonging to the corporation, which it could have asserted, but did not.

Likewise, the same Court decided that shareholders of a corporation may bring a derivative action on behalf of the corporation to assert a right belonging to the corporation or to redress a wrong done to it. (*Fate v. Owens*, 27 P.3d 990, 130 N.M. 503, 2001-NMCA-040, cert denied 27 P.3d 476, 130 N.M. 484.)

In *Marchman v. NCNB Texas Nat'l Bank*, 120 N.M. 74, 81, 898 P.2d 709, 716 (1995), the New Mexico Supreme Court ruled that although the stockholders of a corporation suffer when the corporation incurs a loss, only the corporation may vindicate its rights and that an indirectly injured party should look to the recovery of the directly injured party, not the wrongdoer for relief. However, the Supreme Court recognized two exceptions to the general rule: "[1] when [shareholders] have suffered an injury separate and distinct from the other shareholders or [2] when they are owed a special duty by the wrongdoer.

APPLICATION OF THE FACTS TO THE LAW

In the case at bar, the Defendant, acting as legal counsel for Thorofare, initiated

a cause of action against the Plaintiff without disclosing to the Bankruptcy Court of the District of New Mexico that his client (Thorofare) lacked a license to do business in the State of New Mexico, clearly an act not proper in the regular prosecution or defense of a claim or charge as defined in *Durham*, whether by malicious intent or by gross negligence, thus concealing jurisdictional and/or standing issues on the part of his client. Further, the Defendant's own actions, specifically (1) his ex parte communications with the trustee-designate Mr. Pierce encouraging the foreclosure of the Plaintiff's business property (Railyard Company LLC) prior to any independent professional appraisal of the market value of the property; and (2) the Defendant's repeated refusals, delays, and objections to the Plaintiff's use of cash collateral to maintain business operations during Chapter 11 proceedings, reveals a primary motive on the part of the Defendant to accomplish an illegitimate end, namely, not to permit the Plaintiff and his business partners to emerge from Chapter 11 as debtors in possession of their business assets and continuing to operate their business as it restructures or sells and formulates a business plan -- the norm in Chapter 11 cases -- but instead to force the quick foreclosure of the Plaintiff's business to enrich the Defendant's client and, potentially, himself. Such an ulterior motive is not the design of Chapter 11 bankruptcy laws and the Defendant, an attorney, either did or should know this.  The damages to the Plaintiff's professional reputation is substantial given the Santa Fe news media coverage of this case. The Defendant must be held liable in this perversion of the legal system.

As to standing, the Plaintiff is an equity partner in Railyard Company, LLC and is in compliance with Rule 23.1 of the Rules of Federal Civil Procedure for bringing this Shareholder Derivative action. (See *Bank of Santa Fe*.) The plaintiff was a shareholder or member at the time of the cause of action that is the basis of this Complaint as stipulated in the Statement of Facts. (See *Rael*.)  This action is NOT (emphasis added) a collusive one brought to confer jurisdiction that this Court would otherwise lack.  The Plaintiff brings this Complaint after discussions with his fellow partners in the Railyard Company, LLC and a subsequent decision that, if the Plaintiff wished to bring forward this Complaint for Abuse of Process that has harmed the corporation, then he should do so as a shareholder derivative action.  (See *Hill*.) The Plaintiff is doing so to enforce a right that the corporation could have properly asserted but has failed to enforce. (See *Fate*.)  As required by Rule 23.1, the Plaintiff is fairly and adequately representing the interests of shareholders or members who are similarly situated in enforcing the right of the corporation or association.  (See Jaramillo affidavit.) In addition, due the additional and separate and distinct harm done to the Plaintiff's professional reputation as managing partner by the Defendant's Abuse of Process, this injury satisfied the first exception determined in *Marchman.*

CONCLUSION

The Plaintiff prays this Court find the Defendant liable for Abuse of Process and award the Plaintiff the damages commensurate with such liability.

Wherefore the plaintiff prays the Court the following:

1. That Defendants license to practice law be immediately suspended pending a hearing on the merits at the State Bar association.
2. That any and all cases he is currently working on, be reassigned to other attorneys.
3. That Defendant be financially penalized for Abuse of Process actions and malicious prosecution.
4. That Defendant be barred from representing Thorofare (the plaintiff) during the pendency of this case as this creates a conflict of interest for both parties.
5. That Sanctions be taken against Said Attorney Defendant for knowingly making false misrepresentations to the court and for aiding and abetting the abuse of process while in the normal practice of law.
6. That this court sanction Defendant for knowingly abusing the process of the Law.
7. That Defendant pay all attorneys cost of the aforementioned litigation.
8. For any and such other relief as this Court deem just and equitable.

Respectfully Submitted,

_____
Richard Jaramillo
215 Calle Roble
Santa Fe, NM 87501
rickxaramillo@yahoo.com
505-231-6966

I hereby certify that a true copy will be served upon the defendant by email, USPS and by service in accordance the rules of civil procedure on June 6th, 2016.

Richard Jaramillo
215 Calle Roble
Santa Fe, NM 87501
rickxaramillo@yahoo.com
505-231-6966

Copy to the defendant:

Benjamin E. Thomas
317 Paseo De Peralta
Santa Fe, NM 87501
&
Benjamin E. Thomas
Sutin, Thayer & Browne, APC
PO Box 1945
Albuquerque, NM 87103
BET@sutinfirm.com