IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD JARAMILLO,

            Plaintiff,

v.                                                          CIV 16-0780 JCH/KBM

BENJAMIN E. THOMAS,

            Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendant's Motion to Dismiss for Lack of

Subject-Matter Jurisdiction (*Doc. 4*), filed July 27, 2016. District Judge Judith Herrera

referred this matter to me on August 31, 2016, for a recommended disposition. *Doc. 11*.

Having considered the parties' submissions and relevant law, the Court recommends

that Defendant's Motion to Dismiss be granted.

## BACKGROUND

Plaintiff Richard Jaramillo, proceeding *pro se*, filed his Shareholder Derivative

Complaint for Abuse of Process on July 6, 2016. *Doc. 1*. Plaintiff alleges that Defendant

Benjamin Thomas, an attorney, committed the New Mexico state law tort of malicious

abuse of process during the course of Chapter 11 bankruptcy proceedings involving the

Railyard Company, LLC, of which Plaintiff is an equity partner. *See id.* at 1-3.[1]

Specifically, Plaintiff alleges that Defendant, who represents Thorofare Asset Based

Lending Fund, L.P. in the bankruptcy proceedings,

---

[1] The Court takes judicial notice of the filings in bankruptcy case number 15-bk-12386-t11. *See* Fed. R. Evid. 201.

deliberately and continuously misrepresented Thorofare throughout the Railyard Bankruptcy case, *without disclosing to that Court that Thorofare lacked any New Mexico business license* . . . and willfully, and in some cases maliciously, continued to repeatedly prejudice that Court against the Plaintiff and his Railyard business partners. On more than one occasion, the *Defendant has refused, delayed and/or objected to the Plaintiff's use of the cash collateral necessary to the continued operation of Plaintiff's business. . . .* Such action by the Defendant has done substantial harm to the Plaintiff's professional reputation.

*Id.* at 3. Although Plaintiff indicates that he "appears here in his capacity as a private U.S. citizen . . . and [is] filing this Complaint as a shareholder derivative action. . . .'," *id.* at 1, his Complaint also refers to alleged prejudice to his Railyard business partners which together form the debtor – The Railyard Company, LLC of Santa Fe, New Mexico. Thus, it is less than clear whether this case is brought by the debtor through Plaintiff or on strictly on Plaintiff's own behalf. Regardless, a jurisdictional basis for the Complaint is not stated by Plaintiff. *See id.* at 1-13.

Rather than filing an Answer, Defendant filed the instant Motion. At the outset, Defendant argues that Plaintiff has failed to demonstrate diversity of citizenship between Plaintiff and Defendant. *See Doc. 4* at 3-4. Plaintiff's Response appears to concede that there is no diversity jurisdiction in this case, arguing instead that this Court has jurisdiction because this case is "related to" the Chapter 11 bankruptcy proceedings involving the Railyard Company, LLC. *See Doc. 8* at 3. However, in addition to opposing litigating this case in state court, Plaintiff adamantly opposes the transfer of his case to the United States Bankruptcy Court for the District of New Mexico. *Doc. 8* at 6 ("Given the Plaintiff's Abuse of Process claim involving the Defendant and the U.S. Bankruptcy Court District of New Mexico, it would be an absurd perversion of the laws cited above to assign this case to the U.S. Bankruptcy Court District of New Mexico, where the

abuse of process originally occurred, much less a state court give 28 U.S.C. Sec. 1334(b)."). In his Reply, Defendant argues that Plaintiff's claims in this case are not "related to" the bankruptcy case as a matter of law. *Doc. 9* at 3-6. Alternatively, Defendant argues that if the actions are related, then it is the bankruptcy court, not this Court, which has jurisdiction over the claim. *Id.* at 7.

## ANALYSIS

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to raise the defense of the court's lack of jurisdiction over the subject matter by motion. Fed. R. Civ. P. 12(b)(1). At issue here is this Court's jurisdiction under Sections 1332 and 1334 of Title 28 of the United States Code.

**A) Diversity Jurisdiction pursuant to 28 U.S.C. § 1332(a).**

While Plaintiff appears to concede that diversity jurisdiction does not exist in this case, "[d]istrict courts have an independent duty to examine whether they have subject matter jurisdiction over cases and may do so *sua sponte*." *Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kan.*, 158 F. Supp. 3d 1183, 1191 (D.N.M. 2015) (citations omitted). "Section 1332(a)[(1)] diversity jurisdiction requires complete diversity among the parties and that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Id.* (quoting 28 U.S.C. § 1332(a)). Defendant asserts that there is no diversity jurisdiction in this case because he and Plaintiff are both citizens of the state of New Mexico. *Doc. 4* at 3. Plaintiff does not contest this assertion.

Therefore, the Court finds that it does not have jurisdiction over this case pursuant to Section 1332(a).

**B)  "Related to" Jurisdiction pursuant to 28 U.S.C. § 1334(b).**

"The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). Section 1334(b) of Title 28 of the United States Code states that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).[2] Pursuant to this grant of jurisdiction, a district court "may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). Pursuant to Administrative Order No. 84-0324, this District has referred "all proceedings arising under Title 11 or arising in or related to a case under Title 11 . . . to the bankruptcy judges for the district to the extent permitted by law." *In the Matter of Reference to Bankruptcy Judges and Local Bankruptcy Rules*, Misc. No, 84-0324 (D.N.M. March 19, 1992).[3] Thus, if this Court has jurisdiction over the case, then the case will be referred to the Bankruptcy Court where the Railyard's case is pending.

Bankruptcy judges may exercise jurisdiction in cases brought "under" the Bankruptcy Code, that "arise under" the Bankruptcy Code, which "arise in" a bankruptcy proceeding, or are "related to" a bankruptcy case. *In re Midgard Corp.*, 204 B.R. 764,

---

[2] "The district courts also have 'original and exclusive jurisdiction of all cases under title 11.' 28 U.S.C. § 1334(a). This section refers to bankruptcy cases, and not adversary proceedings within the bankruptcy case. . . ." *In re Midgard Corp.*, 204 B.R. 764, 771 n.6 (B.A.P. 10th Cir. 1997).

[3] *See U.S. Bankr. Ct., Dist. of N.M. Gen. Orders*, http://nmb.uscourts.gov/court-info/local-rules-and-orders/general-orders.

771 (B.A.P. 10th Cir. 1997); *see also In re Narro*, No. 7-10-15859, 2012 WL 4027258, at

*9 (Bankr. D.N.M. 2012).[4] Plaintiff argues as a jurisdictional basis only that this case is

"related to" the bankruptcy case. *See Doc. 8* at 3-6.

      "A proceeding is 'related to' a bankruptcy case if it could have been commenced

in federal or state court independently of the bankruptcy case, but the 'outcome of that

proceeding could conceivably have an effect on the estate being administered in

bankruptcy.'" *In re Midgard*, 204 B.R. at 771 (quoting *Gardner v. United States (In re

Gardner*), 913 F.2d 1515, 1518 (10th Cir. 1990) (per curiam)). "Congress did not

delineate the scope of "related to" jurisdiction, but its choice of words suggests a grant

of some breadth." *Celotex*, 514 U.S. at 307-08. However, "a bankruptcy court's 'related

to' jurisdiction cannot be limitless." *Id.* at 308. "Related proceedings 'include (1) causes

of action owned by the debtor which become property of the estate pursuant to 11

U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy

estate.'" *In re Midgard*, 204 B.R. at 771 (quoting *Celotex*, 514 U.S. at 307 n.5). Section

541 provides, in broad terms, that all property held by the debtor at the commencement

of a bankruptcy case, including legal claims, are the property of the bankruptcy estate,

with certain exceptions. *See* 11 U.S.C. § 541. "Although the proceeding need not be

against the debtor or his property, the proceeding is related to the bankruptcy if the

outcome could alter the debtor's rights, liabilities, options, or freedom of action in any

way, thereby impacting on the handling and administration of the bankruptcy estate."

---

[4] The Bankruptcy Court's jurisdiction is further broken down by 28 U.S.C. § 157 into "core" and "non-core" proceedings. *In re Narro*, No. 7-10-15859, 2012 WL 4027258 at *9 (Bankr. D.N.M. 2012). This distinction is not relevant to the Court's threshold determination here, which is merely whether this Court, and by extension, the Bankruptcy Court, may exercise jurisdiction pursuant to 28 U.S.C. § 1334. *See In re Seybold*, No. 07-11441, 2008 WL 1321878, at *1 (Bankr. N.D. Ind. Mar. 11, 2008) ("Absent jurisdiction under § 1334, there is no need to proceed to § 157.").

*In re Gardner*, 913 F.2d at 1517-18 (citations omitted); *In re Otero Cty. Hosp. Ass'n, Inc.*, 527 B.R. 719 (Bankr. D.N.M. 2015) ("Under this test, a bankruptcy court has jurisdiction to adjudicate claims between third parties where the outcome of the litigation could have a conceivable effect on the bankruptcy estate.") (citing *In re Midgard*, 204 B.R. at 771).

Defendant correctly argues that Plaintiff's claim is not related to the bankruptcy case because it arose after the bankruptcy petition was filed, and, therefore, is not property of the bankruptcy estate under 11 U.S.C. § 541. *Doc. 9* at 4 (citing *In re Narro*, 2012 WL 4027258, at *10); *see also In re Akl*, 397 B.R. 546, 548 (Bankr. D.D.C. 2008) ("Akl's counterclaim arose postpetition (sic) and is therefore not property of the estate."); *In re Boone*, 52 F.3d 958, 960 (11th Cir. 1995) ("The conduct giving rise to the claim occurred after the petition in bankruptcy, and therefore the cause of action is not property of the estate. . . . Accordingly, any damages would belong solely to the Boones") (citing 11 U.S.C. § 541(a)); *In re Seybold*, No. 07-11441, 2008 WL 1321878, at *2 (Bankr. N.D. Ind. Mar. 11, 2008) ("As an action seeking to recover damages for a tort allegedly committed upon the debtors after the date of the petition, it is not a civil proceeding arising under title 11, arising in or related to a case under title 11."). Thus, recovery by Plaintiff on his claim would not affect the administration of the bankruptcy estate because Defendant's alleged conduct giving rise to his claims occurred *after* the inception of the bankruptcy case. *See Angell v. Shell Oil Co.*, CIV 03-0318 MV/RLP, Doc. 27 (D.N.M. Aug. 20, 2004) (holding that state law tort claims were related to the bankruptcy proceeding where the case was filed in state court *prior* to the defendant's bankruptcy); *see also In re Homeloan.com, Inc.*, MC 05-0021, Doc. 3 (D.N.M. May 26,

6

2005) (holding that a breach of contract claim was "related to" a bankruptcy case because it became property of the estate under Section 541); *In re Cook*, No. 11-04-17704 SA, Doc. 44 (Bankr. D.N.M. March 30, 2006) (holding that the plaintiff's pre-bankruptcy malicious abuse of process claim was "related to" the bankruptcy proceeding because "if successful, Debtors may recover an asset that would be part of the bankruptcy estate and available for payment to creditors") (citing 11 U.S.C. § 541(a)(1)).

Besides not being property of the bankruptcy estate, Plaintiff's claim is a "garden variety tort claim governed by state law," *In re Seybold*, No. 07-11441, 2008 WL 1321878, at *2 (Bankr. N.D. Ind. Mar. 11, 2008), which bears only a factual connection to the bankruptcy case. However, mere factual nexus between the civil proceeding and the bankruptcy case is insufficient to confer jurisdiction upon the Court. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (remanding the case to state court and noting that "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1471(b)," the predecessor to § 1334(b)); *see also Hoffman v. Roberto*, 85 B.R. 417, 421-22 (W.D. Mich. 1988) ("As a practical matter, this case is 'related to' a bankruptcy proceeding. However, that factual nexus appears to be insufficient to justify the exercise of bankruptcy jurisdiction as the law now stands."); *see also In re Akl*, 397 B.R. at 548 ("There is thus no 'related to' jurisdiction even though the counterclaim raises claims by the debtor . . . and even though the conduct he complains of was directed against him while he was a debtor in the bankruptcy case.").

This analysis is bolstered by the Tenth Circuit's decision in *In re Midgard Corp.*, 204 B.R. 764. There, the court analyzed whether a bankruptcy court properly exercised "related to" jurisdiction over a debtor's various state tort claims against a third party. *See id.* at 767. While it declined to conclude one way or the other because it determined that the case should have been remanded to state court, the court expressed doubt that the bankruptcy court had jurisdiction over the case to begin with. *Id.* at 772-73.

The cases Plaintiff cites do not compel the opposite result. In *Brock v. Thomas*, 782 F. Supp. 2d 133, 140 (E.D. Pa. 2011), for example, the Court merely concluded that it had concurrent jurisdiction over a case with the bankruptcy court because the plaintiff's claims involved matters of federal law, satisfying federal jurisdiction pursuant to Section 1331 of Title 28 of the United States Code. *See id.* Likewise, the court in *In re Lockridge*, 303 B.R. 449, 455 (Bankr. D. Ariz. 2003), did not affirmatively state that it had "related to" jurisdiction, instead relying upon supplemental jurisdiction under Section 1367 of Title 28 of the United States Code. *Id.* at 456 ("Jurisdiction therefore exists here under § 1367, even if it did not exist under § 1334."). On the other hand, the court in *In re Dayton Title Agency, Inc.*, 304 B.R. 323, 327-28 (Bankr. S.D. Ohio 2004), correctly determined that it had "related to" jurisdiction over fraud claims arising from pre-bankruptcy conduct which, if successful, would result in a substantial benefit to the bankruptcy estate. *See id.* at 328 ("Moreover, the Debtor has consistently listed its possible claims, including those against the Defendants, in its bankruptcy documents indicating clearly that these claims are associated with and an integral part of this bankruptcy case."). Likewise, the court in *In re Urban Box Office Network, Inc.*, 2003 WL 22971510, at *2 (S.D.N.Y. Dec. 18, 2003), properly exercised "related to" jurisdiction

over contractual claims arising prior to the instigation of bankruptcy proceedings which were property of the estate under Section 541. *Id.*

## CONCLUSION

Plaintiff has not met his burden of demonstrating this Court's jurisdiction under either 28 U.S.C. § 1332 or 28 U.S.C. § 1334(b). Accordingly, this Court recommends that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (*Doc. 4*) be **granted**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES CHIEF MAGISTRATE JUDGE